UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80238-ROSENBERG/BRANNON

WILLIAM CODY PIPER,

    Plaintiff,

v.

PANTHER TOWING, INC. *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION TO DEEM ADMITTED

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike, Motion *In Limine*, Motion to Deem Admitted, and Incorporated Memorandum of Law [DE 36]. The Court has carefully considered Plaintiff's Motion to Strike and Motion to Deem Admitted,[1] Defendants' Response [DE 38], and Plaintiff's Reply [DE 39], and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion to Strike is **GRANTED IN PART and DENIED IN PART**, and Plaintiff's Motion to Deem Admitted is **DENIED**.

### I.    BACKGROUND

On February 26, 2017, Plaintiff filed his Complaint [DE 1] seeking unpaid minimum wages, overtime pay, and liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). On March 30, 2017, Defendants' counsel filed a Notice of Appearance. *See* DE 8. Defendants filed an Answer to Plaintiff's Statement of Claim, which was docketed as an Answer to Plaintiff's Complaint, on April 26, 2017. *See* DE 13. Defendants filed their Answer and Affirmative Defenses [DE 26] on July 18, 2017.

---

[1] This Order does not address Plaintiff's Motion *In Limine*. The Honorable James I. Cohn will preside over the trial in this case, *see* DE 33, and will issue a ruling on Plaintiff's Motion *In Limine* separately.

## II.     MOTION TO STRIKE

In his Motion to Strike, Plaintiff argues that Defendants' Answer and Affirmative Defenses should be stricken as untimely. Specifically, Plaintiff argues that Defendants' Answer and Affirmative Defenses was filed without leave of Court approximately 100 days after it was due and 15 days after the deadline to complete discovery in this case. Plaintiff further argues that Defendants' Answer and Affirmative Defenses contradicts Defendants' responses to Plaintiff's request for admissions. As a result, Plaintiff argues, Defendants' Answer and Affirmative Defenses is improper and unfairly prejudicial. Finally, Plaintiff moves to strike Defendants' eight affirmative defenses as insufficiently pleaded.

In support of his argument that Defendants' Answer and Affirmative Defenses should be stricken as untimely, Plaintiff states that Defendant Panther Towing, Inc. was served with a summons and copy of Plaintiff's Complaint on March 10, 2017, and that Defendants Anayza M. Ali and Mohammed Ali were served on March 20, 2017. According to Plaintiff, Defendant Panther Towing, Inc. was therefore required to respond to Plaintiff's Complaint by March 31, 2017, and Defendants Anayza M. Ali and Mohammed Ali were required to respond by April 10, 2017. To date, however, Plaintiff has not filed proof of service on Defendants. Even assuming that Defendants' responses were in fact due on these dates, Plaintiff never moved for default against Defendants. Both Plaintiff and Defendants have actively litigated this case since its inception, including attending mediation on July 14, 2017. *See* DE 24. Plaintiff's argument that Defendants' Answer and Affirmative Defenses should be stricken as untimely is therefore unavailing, and the Court will not strike Defendants' Answer and Affirmative Defenses on this ground.

The Court also rejects Plaintiff's argument that Defendants' Answer and Affirmative Defenses should be stricken because it was filed after the deadline to complete discovery in this case. Pursuant to the Court's Order Setting Status Conference, Calendar Call, Pretrial Deadlines, and Trial Date and Order of Reference to Magistrate [DE 6], the deadline to complete discovery in this case was July 3, 2017. Defendants filed their Answer and Affirmative Defenses on July 18, 2017. *See* DE 26. While Plaintiff argues that the timing of Defendants' Answer and Affirmative Defenses is prejudicial, Plaintiff has failed to specify what prejudice will result from the filing of Defendants' Answer and Affirmative Defenses after the deadline to complete discovery. Plaintiff has not proffered any additional discovery that he would conduct in light of Defendants' Answer and Affirmative Defenses had the deadline to complete discovery not already passed. In addition, Plaintiff has not moved to reopen discovery to avoid any such prejudice. Accordingly, the Court will not strike Defendants' Answer and Affirmative Defenses on this ground.

To the extent Plaintiff argues that Defendants' Answer and Affirmative Defenses should be stricken because it contradicts Defendants' responses to Plaintiff's request for admissions, Defendants do not oppose Plaintiff's Motion. Plaintiff states that in response to his request for admissions, Defendant Panther Towing, Inc. admitted that the FLSA applies to its business for the time that Plaintiff worked for it. Defendants' Answer and Affirmative Defenses, however, states that they are "without sufficient knowledge . . . and demand strict proof" of Plaintiff's allegation that Defendant Panther Towing, Inc. is subject to the FLSA. *See* DE 1, Complaint ¶ 3; DE 26, Answer and Affirmative Defenses ¶ 3. Defendants have resolved this contradiction: In response to Plaintiff's Motion, Defendants state that "[f]or the purposes of this case, Defendants

concede[] FLSA coverage." *See* DE 38 ¶ 7. Accordingly, the Court strikes paragraph 3 of Defendants' Answer and Affirmative Defenses with Defendants' agreement.

Finally, Plaintiff argues that each of Defendants' eight affirmative defenses should be stricken as "boilerplate, devoid of supporting facts, and vague[]." *See* DE 36 ¶ 15. Defendants do not oppose Plaintiff's Motion as to their first and sixth affirmative defenses. *See* DE 38 ¶ 8. Accordingly, the Court strikes Defendants' first and sixth affirmative defenses—paragraphs 18 and 23 of Defendants' Answer and Affirmative Defenses, respectively—with Defendants' agreement.

With respect to Defendants' remaining six affirmative defenses, Federal Rule of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). While courts have broad discretion when considering a motion to strike, striking a defense from a pleading is a drastic remedy and, as such, is generally disfavored. *See Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). Accordingly, courts typically deny motions to strike an affirmative defense "unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Id.* (citing *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-CV-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015)).

Courts within the Southern District of Florida disagree as to whether affirmative defenses must comply with the heightened pleading standard of Rule 8(a) set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See id.* at 680–82 (discussing split among the district courts and concluding that a lower pleading standard applies

to affirmative defenses); *Elec. Commc'n Techs., LLC v. Clever Athletics Co., LLC*, No. 9:16-CV-81466-WPD, 2016 WL 7409710, at *1 (S.D. Fla. Dec. 19, 2016) (acknowledging split and applying heightened pleading standard). The Eleventh Circuit Court of Appeals has not yet resolved this split among the district courts. Upon consideration, this Court adopts the reasoning set forth in such cases as *Tsavaris* and concludes that "a lower pleading standard applies to affirmative defenses." *See* 310 F.R.D. at 680–82. Under this lower pleading standard, Defendants need not "set forth detailed factual allegations," but "must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." *Id.* at 682 (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)).

The Court concludes that Defendants' second and fifth affirmative defenses are sufficiently pleaded under this standard. As their second affirmative defense, "Defendants allege that any claim of the Plaintiff should be reduced by a set-off for the hours that Plaintiff performed personal errands on company time." *See* DE 26 ¶ 19. As their fifth affirmative defense, "Defendants allege that they properly paid [Plaintiff] and do not owe him any monies." *Id.* ¶ 22. Each of these statements gives Plaintiff fair notice of the nature of the defense and the grounds upon which it rests. Accordingly, the Court will not strike Defendants' second and fifth affirmative defenses.

However, the Court concludes that Defendants' third, fourth, and seventh affirmative defenses are insufficiently pleaded and should be stricken. As their third affirmative defense, "Defendants allege that Plaintiff's claims relate in part to alleged time constituting de minimis time." *Id.* ¶ 20. As their fourth affirmative defense, "Defendants allege that Plaintiff has unclean hands." *Id.* ¶ 21. As their seventh affirmative defense, "Defendants allege that Plaintiff would be unjustly enriched if he were to recover any monies in the subject action." *Id.* ¶ 24. Even under

5

the lower pleading standard applicable to affirmative defenses, none of these statements is sufficient to give Plaintiff fair notice of the nature of the defense and the grounds upon which is rests. Instead, each of these affirmative defenses constitutes a vague, conclusory statement without any detail or factual support. Accordingly, the Court strikes Defendants' third, fourth, and seventh affirmative defenses—paragraphs 20, 21, and 24 of Defendants' Answer and Affirmative Defenses, respectively—as insufficiently pleaded. At this late stage, the Court will not permit Defendants to replead these affirmative defenses.

Finally, as their eighth affirmative defense, "Defendants allege that Plaintiff has failed to state a cause of action upon which relief can be granted." *Id.* ¶ 25. This is not an affirmative defense; instead, it is a denial. *See Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (quoting *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)) ("[A] defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense."). In such cases, the appropriate course is not to strike the defense, but to treat it as a denial. *See id.* (citing *FDIC v. Bristol Home Mortgage Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009)). Accordingly, the Court will not strike Defendants' eighth affirmative defense.

### III.   MOTION TO DEEM ADMITTED

In his Motion to Deem Admitted, Plaintiff argues that the allegations in Plaintiff's Complaint should be deemed admitted because Defendants did not timely file their Answer and Affirmative Defenses. This argument is rejected for the reasons set forth above.

In addition, Plaintiff argues that liability has been established because Defendants admitted in response to Plaintiff's request for admissions that they did not pay Plaintiff overtime. While Plaintiff has not submitted a copy of its request for admissions or Defendants' response,

Defendants do not appear to dispute that Plaintiff's fifth request for admission stated: "Admit or deny that you did not pay Plaintiff the proper overtime rate of 1.5 times his regular hourly rate for all overtime hours he worked for you," and that in response, Defendant Panther Towing, Inc. stated: "ADMIT – Panther never payed Plaintiff the overtime rate of 1.5 times his regular hourly rate *because Plaintiff never earned any overtime*." *See* DE 36 at 8; DE 38 at 6 (emphasis added). This does not constitute an admission of liability. Plaintiff's Motion to Deem Admitted is therefore without merit.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike [DE 36] is **GRANTED IN PART and DENIED IN PART**. Specifically, Plaintiff's Motion to Strike is **GRANTED** to the extent that paragraph 3 of Defendants' Answer and Affirmative Defenses, and Defendants' first, third, fourth, sixth, and seventh affirmative defenses (paragraphs 18, 20, 21, 23, and 24 of Defendants' Answer and Affirmative Defenses, respectively), are **STRICKEN** without leave to replead. Plaintiff's Motion to Strike is **DENIED** in all other respects.

2. Plaintiff's Motion to Deem Admitted [DE 36] is **DENIED**.

3. The Court issues no ruling on Plaintiff's Motion *In Limine* [DE 36]. As noted above, the Honorable James I. Cohn will issue a ruling on Plaintiff's Motion *In Limine* separately.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of September, 2017.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE