UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-80238-CIV-RLR (Cohn)

WILLIAM CODY PIPER,

    Plaintiff,

v.

PANTHER TOWING, INC.,
ANAYZA M. ALI A/K/A ANAYZA ARBOR,
MOHAMMED ALI A/K/A
MARK ALI,

    Defendants.
_____/

## JURY INSTRUCTIONS

    Members of the jury:

    It's my duty to instruct you on the rules of law that you must use in deciding this case.

    When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that has been admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important their testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself some questions, including:

a. Did the witness impress you as one who was telling the truth?

b. Did the witness have any particular reason not to tell the truth?

c. Did the witness have a personal interest in the outcome of the case?

d. Did the witness seem to have a good memory?

e. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

f. Did the witness appear to understand the questions clearly and answer them directly?

g. Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Responsibility for Proof - Preponderance of the Evidence

In this case, Mr. Piper claims that Defendants did not pay Mr. Piper the minimum wages and overtime wages required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claims against Defendants, Mr. Piper must prove by a preponderance of the evidence that Defendants failed to pay Mr. Piper the minimum wage and overtime pay required by law.

The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours Mr. Piper's weekly pay was intended to compensate. To calculate how much overtime pay was owed to Mr. Piper for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Defendants failed to pay Mr. Piper the required overtime pay if Defendants paid Mr. Piper less than that amount.

The amount of damages is the difference between the amount Mr. Piper should have been paid and the amount he was actually paid.

The law requires an employer to keep records of how many hours their employees work and the amount they are paid. In this case, Mr. Piper claims that Defendants failed to keep and maintain adequate records of his hours and pay. Mr. Piper also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Mr. Piper to prove the exact amount of his claim.

If you find that Defendants failed to keep adequate time and pay records for Mr. Piper and that Mr. Piper performed work for which he should have been paid, Mr. Piper may recover a reasonable estimation of the amount of his damages. But to recover this amount, Mr. Piper must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## "Work" Defined

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and the employer's business.

## Employee Standby or Waiting Time

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.

## Commission Payments / Weekly Commission

Commissions are payments for hours worked and must be included in the regular hourly rate. When the commission is paid on a weekly basis, it is added to the employee's other earnings for that work week and the total earnings are divided by the total number of hours in the work week to obtain the employee's regular hourly rate for that particular work week. The employee must then be paid extra compensation at one-half of that rate for each hour worked in that work week in excess of 40 hours.

## RIGHTS TO OVERTIME PAY NON-WAIVABLE

An individual employee's right to overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

12

## TRAINING TIME COMPENSABLE

An employee's training time is compensable time under the Fair Labor Standards Act.

## Employee Permitted to Work

Permitting an employee to engage in an activity is considered "work" under the FLSA.

## Indirect Employer Defined

Any person who acts indirectly in the interest of a plaintiff's employer in relation to the plaintiff for the relevant time period by paying the plaintiff's wages and/or directing the plaintiff's work is considered to be an employer under the Fair Labor Standards Act.

## Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain Verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.